J-S09020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS SCOTT DRASS, | |
| Appellant | No. 1030 WDA 2014 |

Appeal from the PCRA Order June 10, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001007-2005

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 18, 2015**

Thomas Scott Drass appeals from the June 10, 2014 order dismissing his second PCRA petition as untimely filed.  In a prior memorandum, we directed counsel to either file an advocate's brief or a petition to withdraw and no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) ("**Turner/Finley**").  Counsel has filed a compliant **Turner/Finley** request to withdraw.  Accordingly, we grant counsel permission to withdraw and affirm the denial of PCRA relief.

On January 5, 2005, Appellant arrived at his maternal grandparents' home, and shot his grandfather, Dwayne Chamberlain, at point blank range. Appellant had purchased the shotgun and ammunition used in the shooting earlier that day.  On September 25, 2006, Appellant pled guilty to third-

degree murder, and, three days later, he was sentenced to twenty to forty years incarceration. The sentencing court had the benefit of a presentence report. In the ensuing direct appeal, Appellant claimed that his sentence was excessive given "his history of mental illness and lack of a prior criminal record." *Commonwealth v. Drass*, 935 A.2d 9 (Pa.Super. 2007) (unpublished memorandum at 2). We rejected Appellant's challenge to the discretionary aspects of his sentence and affirmed on August 6, 2007, *id*., and Appellant did not seek allowance of appeal with our Supreme Court.

The following month, Appellant filed a timely PCRA petition. Counsel was appointed and filed an amended PCRA petition. Appellant claimed that his guilty plea was induced by ineffective assistance of counsel. The Commonwealth sought a first-degree murder conviction but agreed to allow Appellant to plead guilty to third-degree murder after plea counsel obtained a psychological evaluation by Dr. Joseph Antonowicz, whose report supported a diminished capacity defense. *See* Trial Court Opinion, 9/8/08, at 4-5. After an evidentiary hearing, PCRA relief was denied on September 8, 2008. Appellant did not file an appeal from the denial of PCRA relief.

On July 24, 2013, Appellant filed a motion seeking modification of his sentence, for appointment of counsel, and requesting permission to proceed *in forma pauperis.* Appellant sought a reduction in his sentence due to his mental health issues and lack of a prior criminal record, which he asserted were not revealed to the sentencing court. Appellant also claimed that he was on drugs when he killed his grandfather and that he expected a lesser

sentence when he tendered an open guilty plea to third-degree murder. The trial court properly treated the motion for modification of sentence as a PCRA petition and then granted Appellant the right to proceed *in forma pauperis*. The PCRA court appointed counsel,[1] and, over the Commonwealth's objection, held a hearing, which was not transcribed.

Thereafter, the PCRA court denied relief based upon the untimeliness of the 2013 petition. This appeal followed. As noted, counsel has filed a petition to withdraw and accompanying no-merit brief establishing why Appellant is not entitled to PCRA relief. The "**Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). As we articulated in **Rykard**, **id**, at 1184 (footnote omitted):

_____

[1] We note that Pa.R.Crim.P. 904(D) provides, "On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Except as provided in Pa.R.Crim.P. 907, a hearing under Pa.R.Crim.P. 908 is mandated, in pertinent part, when "the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact." Pa.R.Crim.P. 908(A)(2). Under Pa.R.Crim.P. 907, the PCRA court may deny PCRA relief without a hearing, if, after review of the pleadings, it "is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings[.]" Pa.R.Crim.P. Rule 907(1).

The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner, supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See [Commonwealth v.] Pitts*, [981 A.2d 875], 876 n.1. [Pa. 2009].

In *Commonwealth v. Friend,* 896 A.2d 607 (Pa.Super. 2006) *abrogated in part* by *Pitts, supra,* this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend,* counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts. See Pitts, supra* at 881 (Castille, C.J. concurring).

In this case, counsel filed a petition to withdraw together with a brief establishing that the present PCRA petition is untimely as to the issues Appellant seeks to raise. As indicated in the petition to withdraw and letter attached thereto, counsel sent Appellant a copy of the petition and the brief and advised him of his right to continue *pro se* or hire a private attorney. Counsel reviewed Appellant's case and researched the law and concluded that Appellant cannot obtain PCRA relief on his claims, as outlined in the argument presented in the brief. Thus, counsel's withdrawal request satisfies *Turner/Finley*.

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). If the petition is untimely, we lack jurisdiction. *Commonwealth v. Callahan*, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. at 122 (quoting 42 Pa.C.S. § 9545(b)(3)). In this case, we affirmed Appellant's sentence on August 6, 2007, and he did not seek further review. Hence, his judgment of sentence became final on September 5, 2007. Appellant had until September 5, 2008 to file a timely PCRA petition and his present one, which was filed on July 24, 2013, failed to satisfy that time limitation.

There are three exceptions to the one-year time bar: when the government has interfered with the defendant's ability to present the claim,

when the defendant has recently discovered the facts upon which his PCRA claim is predicated, or when either our Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S. § 9545(b)(1)(i-iii). ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012) ("There are three exceptions to this [one-year] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."). The defendant has the burden of pleading and proving the applicability of any exception. 42 Pa.C.S. § 9545(b)(1).

Appellant seeks to withdraw his guilty plea based upon his mental health issues and the fact that he was medicated when he tendered his guilty plea. He also claims that the sentence was in excess of what he believed he would receive given his mental health issues, prior record score, and plea counsel's representations. These claims do not satisfy any exception to the PCRA. All these facts were within Appellant's knowledge as of the date his judgment of sentence was imposed. Our independent review of the record confirms that Appellant's averments in his PCRA petition cannot afford him relief. Hence, we concur both with counsel's assessment that there is no merit to his request for PCRA relief. The PCRA court did not abuse its discretion in dismissing Appellant's second PCRA petition as untimely.

Petition of Paul M. Puskar, Esquire, to withdraw is granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015